REYNOLDS LAND & CATTLE CO. v. W. L. McCABE ET AL.

No. 6566.

1.   **School Districts—Subdivision of County.**—Under secs. 29 and 30 of "An Act to establish and maintain a system of public free schools," etc., enacted by the Eighteenth Legislature at special session, the county commissioners were not required to make a second division of the territory of the county when districting the county. The word subdivide is used with reference to the existing divisions of the State into counties.   It was competent, therefore, to divide the county into three school districts.

2.   **School Tax—Election for.**—The statute, sec. 31 of Acts special session Eighteenth Legislature, does not prescribe the form in which the question of levying a school tax shall be submitted to the popular vote, and it is sufficient to show an order of the Commissioners Court reciting that "a petition had been presented praying that an

election be held in said school district to determine whether or not a tax shall be levied for school purposes in said district," and directing that an election be held at a time and place specified. Such an order is sufficiently definite. ○

3. **Special Elections.**—When a statute which authorizes a special election for the imposition of a tax prescribes the form in which the question shall be submitted to the popular vote the statute should be strictly complied with; but if the form be not prescribed the language of the proposition submitted is not material.

APPEAL from Throckmorton. Tried below before Hon. J. V. Cockrell. The opinion gives the facts.

*L. W. Campbell,* for appellant. — 1. Before a district school tax can be legally levied and collected, the counties must have been previously subdivided into convenient school districts, and until this is done no school tax can be voted by the people or legally collected. Acts Sp. Sess. 18th Leg., p. 43, secs. 29 and 30; Const., art. 5, sec. 18; Bill of Rights, sec. 19; Willis v. Owen, 43 Texas, 72; Webster's Dic., definition of "divide" and "subdivide."

2. The court erred in rendering judgment for defendants, because the voters of the district have not voted the constitutional tax which is "for the further maintenance of the public free schools and the erection of school buildings therein," but a different tax entirely. Acts Sp. Sess. 18th Leg. (sec. 3, art. 7, amended Const.), p. 38; same, sec. 31, p. 44; Ft. Worth v. Davis, 57 Texas, 225; Cooley on Taxation, 209; Allen v. Galveston, 51 Texas, 302.

*Miller & Carragan,* for appellee.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellant, a private corporation, against appellees, to restrain the collection of a special school tax of fifteen cents on the one hundred dollars worth of property, assessed and levied in School District No. 1, of Throckmorton County. The legality of the tax is assailed on two grounds: First, that the Commissioners Court exceeded their authority in dividing the county into school districts; and, second, that the election for the special tax was not ordered in accordance with the law.

The Commissioners Court, in the exercise of their power to apportion the county into convenient school districts, divided it into three—No. 1, the district in question, containing about 400 square miles; No. 2 and No. 3 embracing each about 250 square miles. The 29th section of the "Act to establish and maintain a system of free schools," etc., passed at the special session of the Eighteenth Legislature, held in 1884, provides that "it shall be the duty of the County Commissioners Court of all counties not exempted from this section to subdivide their respective counties into convenient school districts." Gen. Laws Eighteenth Leg., Sp. Sess., p.

43, sec. 29. And it is contended that this requires a division into four districts at least. The argument is, that in order to make a subdivision the court must first make a division, and that this must necessarily result in the creation of more than three districts. The argument is not sound. It is based upon a misconception of the language used in the act. The word "subdivide" is clearly used with reference to the existing division of the State into counties, and therefore the section must be read as if the Legislature had said, "the State being already divided into counties, the Commissioners Courts shall subdivide their respective counties," etc. If it had been intended that it should be the duty of the commissioners to create more than three districts, that purpose would have been directly expressed by saying that at least four districts should be created, or by the use of equivalent terms. It is unreasonable to presume that in order to convey an idea that could have been so definitely and briefly expressed, they made use of language from which the purpose could only be arrived at by implication. Besides, we see no reason why the court should first divide and then subdivide. On the contrary, it seems to us the duty could be more satisfactorily performed by making one original division into such districts as should be deemed convenient and proper. We also fail to see any reason why at least four districts should be created. In many of the sparsely settled counties of the State a less number might be quite sufficient.

Whether the Commissioners Court in this particular case have acted wisely or not is not for us to decide. The statute invests them with the power of laying off the districts and the discretion of determining what is convenient in the premises, and their action can not be reviewed in a proceeding of this character.

We pass on to the second ground upon which the tax in controversy is claimed to be illegal. The petition of the tax payers prayed that an election should be ordered "in said school district to determine whether or not a special tax be levied therein for the purpose of building school houses and supplementing the State school fund apportioned to said district." The order of the court upon the petition recites that a petition had been presented to them praying that "an election be held in said school district No. 1 to determine whether or not a tax shall be levied for school purposes in said district," and proceeds to direct that the election should be held at a time and place therein specified. It is claimed that the court should have ordered the election for the specific purposes named in the petition, and that this was not done, and that the election is therefore void. When a statute which authorizes a special election for the imposition of a tax prescribes the form in which the question shall be submitted to the popular vote, we are of opinion that the statute should be strictly complied with; but if the form is not prescribed, then we are of opinion that the language of the proposition submitted is not material,

provided it substantially submits the question which the law authorizes with such definiteness and certainty that the voters are not misled.   City of Austin v. Gas Co., 69 Texas, 180.   The amended section 3 of article 7 of the Constitution empowers the Legislature to authorize a special election within the school districts "for the further maintenance of public free schools and the erection of school buildings therein."   4 Sayles's Texas Stat., 552.   The 31st section of the act above cited authorizes the Commissioners Court to order the election "whenever twenty or more qualified property holding tax paying voters of any district wish, for the purpose of taxing themselves for building of school houses or supplementing the State school fund apportioned to said district," and shall make a written application signed by them; but it does not prescribe the form of the order, although section 32 does prescribe the form of the ballot.   The Constitution and statute allow the election but for two objects: first, to supplement the State school fund, and, second, for the erection of school buildings.   The voters are presumed to know the law.   It therefore seems to us that the order directing an election to determine whether a tax should be imposed for "school purposes" was sufficient to apprise them that the tax was proposed for the two objects provided by the laws and named in the petition for the election.   The principles laid down in the case of The City of Austin v. The Gas Co., above cited, are decisive of the question before us in favor of the validity of the election.

We conclude therefore that there was no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion November 20, 1888.