BEEMAN v. MAYS et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 24, 1914. Rehearing Denied Feb. 14, 1914.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 107*)—SCHOOL TAX ELECTION—INJUNCTION.

Property owners and taxpayers of a school district were authorized to sue to enjoin defendant, as presiding officer, from holding an election to abrogate a school tax, voted by the taxpayers in 1902 to supplement the general school fund apportioned to the district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 253–256; Dec. Dig. § 107.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 107*)—SCHOOL TAX—ELECTION—INJUNCTION.

In a suit by taxpayers in a school district to enjoin the presiding officer from holding an election to abrogate a school tax previously voted to supplement the general school fund, neither the commissioners' court nor the persons petitioning for the election were necessary parties defendant.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 253–256; Dec. Dig. § 107.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—SCHOOL TAXES—ADDITIONAL TAX—INCREASE—ELECTION—BALLOT.

An order, directing an election to ascertain whether an additional school tax should be levied, stated that its purpose was to determine whether the commissioners' court should be authorized to levy a tax of 30 cents on the $100 valuation, and that the ballot should have written or printed thereon the words "for school tax" and "against school tax." Held, that a ballot in conformity with the order, though not in strict compliance with Rev. Civ. St. 1911, art. 2833, providing that the form shall be "for increase of school tax" and "against increase of school tax," was not so misleading as to render the election void.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 115, 117, 240–245, 252; Dec. Dig. § 103.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—SCHOOL TAXES — ADDITIONAL TAX — ELECTION TO ABROGATE—TIME—INJUNCTION.

Rev. Civ. St. 1911, art. 2833, authorizes the holding of an election to increase the school tax after any district has levied the same, provided that an election to determine whether the tax so levied shall be abrogated can be held only after two years from the levy thereof. A school district voted a tax of 20 cents on the $100 in 1902, and in June, 1913, another election was held at which the district voted an additional tax of 30 cents. Held, that an election to abrogate the original 20-cent tax of

1902 could not be held until within two years from the June, 1913, election.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 115, 117, 240–245, 252; Dec. Dig. § 103.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by J. W. Mays and others against M. S. Beeman. Judgment for complainants, and defendant appeals. Affirmed.

Robertson & Kemp, of Dallas, for appellant. Connor & Wills, of Dallas, for appellees.

TALBOT, J. Appellees brought this suit against appellant to enjoin him, as presiding officer, from holding an election, which had been ordered, by the county judge or commissioners' court of Dallas county, Tex., to be held in school district No. 10 in said county and state, to abrogate a school tax of 20 cents on the $100 valuation of property, situated in said district, voted in 1902 to supplement the general school fund apportioned to said district. The ground alleged and relied upon for the granting and issuance of the injunction is that there had been an election within two years, namely June 21, 1913, to increase the school tax of the district, and that the pending election to abrogate the tax voted in 1902 was therefore unauthorized and illegal. The district court granted a temporary injunction as prayed for, and the defendant, Beeman, appealed.

[1] Briefs have been filed in this court by both parties to the appeal, and appellant's first contention is that the plaintiffs show in their petition no such interest in the result of the election sought to be enjoined as entitled them to maintain this suit. This contention is not sustained. The petition alleges, and it so appears without dispute, that the plaintiffs were qualified voters, property owners, and taxpayers of the school district in question. As such they were authorized to maintain this suit. The well-established principle that, "when the injury inflicted or threatened is of a character which affects the public generally, and inflicts no special wrong on the individual, the suit must be brought by those who are intrusted with that duty by the Legislature" is not, in our opinion, applicable. In Oden v. Barbee, 103 Tex. 449, 129 S. W. 602, it is held that an injunction is the proper remedy for preventing, at the suit of citizens and taxpayers of an unorganized county, its illegal organization.

[2] It is further contended that the commissioners' court or the persons petitioning for the election were necessary parties defendant, and that appellant's special exception, challenging the sufficiency of the plaintiff's petition for the want of such parties, should have been sustained. In this contention we do not concur. The statute author-

izes and directs the county judge, and not the commissioners' court, to order elections to determine whether or not a tax for school purposes shall be levied in school districts, and the county judge of Dallas county, Tex., ordered the election sought to be enjoined in this case. No good reason is pointed out why they were necessary parties to the suit, and none occurs to us at this time. The petition, after stating the date when the election was ordered to be held, avers that by said order the defendant, Beeman, was appointed presiding officer of said election, and authorized and directed to select two judges and two clerks to assist him in holding said election. and to make due return thereof; "that notices of said election had been posted, and, unless restrained, said defendant would hold said election," etc. The purpose of this suit was to prevent the holding of the election, and, the defendant, Beeman, having been appointed and directed to hold it, an injunction restraining him from doing so would effectually accomplish the purpose in view. The commissioners' court had no functions to perform, and could do nothing in relation to the election, except to canvass the returns after it was held and declare the result. Manifestly, at the time this suit was instituted, neither that court nor the members thereof had any such interest in the matters involved as rendered them necessary parties to it, and we know of no act which they could have been enjoined from doing. The suit was therefore properly brought against appellant. Clearly the parties at whose instance the election was ordered are not necessary parties, nor are they, in our opinion, proper parties.

[3] The next contention is that "the court erred in holding that the election, or pretended election, to enforce a tax upon school district No. 10, held June 21, 1913, was not void as shown in the findings of the court, because said findings show such election to not in any manner conform to, or pretend to conform to, the requirements of the statute to increase the school tax in said district, and said election as held, or pretented to be held, was after the manner of holding an election to impose an original tax upon this district, calculated to, and did, have the effect to mislead the voters, and was wholly void, as shown by the proceedings of said election introduced in evidence by both parties and made a part of the judge's findings." The election of June 21, 1913, which was held for the purpose of increasing the tax in the district for school purposes, was doubtless irregular and not held in the precise manner provided by statute, but it was not void. It operated as an expression of the will of the people of the school district with respect to the levy and collection of an additional tax in the district, and its legal effect was to increase the tax of the district from 20 to 50 cents. In fact we do not find

that the statute which authorized the election of June 21, 1913, to determine whether or not the school tax of the district •should be increased, definitely prescribes the form in which the question should be submitted to the voters, and in such case it is held that "the language in which the proposition was submitted is immaterial, provided it substantially submits the question which the law authorizes with such definiteness and certainty that the voters are not misled." Reynolds Land & Cattle Co. v. McCabe, ·72 Tex. 57, 12· S. W. 165. The petition for the election of June 21, 1913, calls for an election to determine whether or not an additional tax of 30 cents on the $100 valuation of taxable property in the district shall be levied for school purposes, and article 2833 of the statute which authorizes an election to increase the tax of a school district does not prescribe the form of the order. The order directing that the election of June, 1913, should be held stated, in substance, that its purpose was to determine whether the commissioners' court should be authorized to levy, assess, and collect annually a tax of 30 cents on the $100 valuation of taxable property in the district for school purposes, and that the ballot should have written or printed thereon, "For School Tax," "Against School Tax." The form of ballot prescribed by statute to increase a tax is, "For increase of school tax," "Against increase of school tax." Was the form of the order and ballot thereby directed to be used such as was calculated to, and probably did, mislead the voters as to the purpose of the election? We conclude they were not. A tax of 20 cents on the $100 valuation of taxable property was legally voted in 1902 to supplement the free school fund apportioned to the district, which has been annually assessed and collected since *that date. The petition for the election of* June, 1913, as hereinbefore stated, asked for an election to determine whether or not *an additional tax of 30 cents should be levied* for school purposes. In the case of the City of Austin v. Austin Gas, Light & Coal Co., 69 Tex. 180, 7 S. W. 200, it appeared that the city of Austin, in the year 1880, had voted a special tax of two mills on the dollar, and that in 1883, another election was ordered for the purpose of determining whether an additional tax of 1⅓ mills should be levied and collected for school purposes. It was urged that this last tax was invalid, because the commissioners' court did not submit the question of whether or not it should be levied to the voters as provided by statute. The Supreme Court held that the voters were presumed to know what taxes the city was authorized to levy at the time the election in 1883 was held, and that they must have understood that the proposition, as submitted to them, if carried, would empower the city to impose upon them a tax of one-third of 1 per cent., being the sum·of

2 mills, which was voted in 1881, and 1⅓ mills voted in 1883, although no mention was made of the first election held in 1881, and the tax thereby authorized in the orders and proceedings of the second election in 1883. So in the case at bar the voters in the school district in question knew, at the time the election of June, 1913, was held, that the levy and collection of a tax of 20 cents by the election of 1902 had been authorized, and was being levied annually; they were presumed to know what taxes the district was authorized to impose, and must have understood that the proposition to empower the commissioners' court to levy the tax of 30 cents, as submitted to them in the election of June 21, 1913, if carried, would authorize that court to impose upon them a tax of 50 cents, being the sum of 20 cents voted in 1902, and the thirty cents voted in said election of June 21, 1913, although the election of 1902 or of an increase in the 20-cent tax was not mentioned in the order for the said 1913 election. That they were apprised by the proceedings had in the election of June, 1913, that if the proposition therein submitted carried, it would have the effect to authorize an increase of their taxes for school purposes of 30 cents on the $100 valuation of their taxable property is made manifest by the language of the petition asking that said election be held to determine whether or not an additional tax of 30 cents on the $100 valuation of taxable property in said district shall be levied for said purpose. In reference to the form of the ballot, it may be said that, while that ballot directed to be used by the order of the court ordering the election did not literally conform to the ballot prescribed in article 2835 of the statute, still we think this irregularity did not render the election of June, 1913, a nullity. In McGaskey v. Ratliff, 159 S. W. 115, it appeared that the form of the ballot used was "For Tax," "Against Tax," instead of "For School Tax," "Against School Tax," as prescribed by article 2829 of the statute, and it was there held that the will of the people should not be defeated because of such variance in the form of the ballot.

[4] Nor do we think that the court erred in holding that the election here sought to be enjoined was prematurely brought. Article 2833 of the statute, which authorizes the holding of an election to increase a school tax after any district has levied a school tax on itself, provides, in substance, that an election to determine whether such school tax which has been so levied shall be abrogated can be held only after the expiration of two years from the levy of such tax. School district No. 10, as heretofore shown, voted a tax of 20 cents in 1902 and in June, 1913, another election was ordered and held, at which said district voted on itself an additional tax of 30 cents, and the election here sought to be enjoined, and which was

ordered to determine whether or not the tax of 1902 should be abrogated, was ordered to be held in October, 1913, less than two years from the date of the election held in June, 1913. The limitation placed in article 2833 upon the right to hold an election to abrogate an existing school tax applies as well, in our opinion, to an election at which an increase of the tax has been voted as to one held at which the first or original tax was imposed.

We are of opinion that the injunction to restrain the holding of the election ordered to be held in October, 1913, to determine whether or not the tax voted on in 1902 should be abrogated, was properly granted, and the judgment of the court below is affirmed.